**ENVIRONMENTAL DEFENSE FUND, INC., a nonprofit New York Corporation et al., Plaintiff,**

**v.**

**Cecil D. ANDRUS, as Secretary of the Interior of the United States et al., Defendants,**

**State of California ex rel. State Water Resources Control Board et al., Intervenors.**

**Civ. No. CIV S 80–475.**

United States District Court, E. D. California.

Dec. 10, 1980.

**618**

Robert B. Thum, Brian D. Smith, Mark A. White, Law Offices of Pettit & Martin, San Francisco, Cal., Thomas J. Graff, Environmental Defense Fund, Inc., Berkeley, Cal., for EDF (plaintiff).

Francis M. Goldsberry, II, Asst. U. S. Atty., William B. Shubb, U. S. Atty., Sacramento, Cal., for Cecil D. Andrus, Department of the Interior.

Roderick Walston, Deputy Atty. Gen., Dept. of Justice, State of California, San Francisco, Cal., for State of California, State Water Resources Control Bd., intervenors.

Thomas J. Shepard, Neumiller & Beardslee, Attys. at Law, Stockton, Cal., for defendants in intervention, Stanislaus River Flood Control Ass'n.

### ORDER

PRICE, District Judge.

The Federal Defendants, having prevailed upon appeal from this court's denial of plaintiff's application for a Temporary Restraining Order and Injunction pending appeal, now seek costs on appeal.

Specifically, the Federal Defendants seek to recover $367.50, being one–third (⅓) of the cost of preparing the original, and the full cost of one copy, of the reporter's transcript of the original hearing on June 16, 17 and 18, 1980. It was at this hearing that a significant amount of evidence was received, and resulted in the order which plaintiffs appealed.

Thereafter, plaintiff sought reconsideration of this court's earlier decision, or alternately to grant an injunction pending appeal. The Federal Defendants also seek $76.50 as taxable costs for one–third (⅓) of the original and one copy of the arguments heard on this subsequent motion.

The controversy between the parties centers on whether the reporter's transcript was necessary to the appeal.

After first asserting stoutly that a reporter's transcript was never furnished to the Court of Appeal, plaintiff's counsel seems to retreat to the fall–back position that even though a partial transcript may have been furnished the appellate court, there is no showing "that it was necessary to the appeal."

Federal Defendants, with equal vehemence, tell of the use of the partial transcript to prepare affidavits for use in the opposition to plaintiff's application for an injunction pending appeal before the circuit court (which was granted), and the extended use of the transcript in the preparation of appellee–intervenors' brief on appeal. The result of this disputation is more heat than light!

Perhaps the real solution of the matter rests with a determination of the issue that was before the Circuit Court for its resolution. As stated by the court in its unpublished order:

"Our sole inquiry on review is whether the district court abused its discretion in denying relief. *Miss Universe, Inc. v.*

*Flesher*, 605 F.2d 1130, 1137 (9th Cir. 1979). Although the matter is not entirely free from doubt, we are not prepared to say the district court abused its discretion or erred as a matter of law in concluding that appellant's showing of probable success on the merits was insufficient to entitle them to preliminary injunctive relief."

Since the plaintiff's only showing was contained in the moving papers filed in the district court, while the defense was based entirely on witness testimony produced on June 16, 17 and 18, 1980, the court can only conclude that the Ninth Circuit panel availed itself, in some part, of the record contained in the reporter's transcript of the foregoing proceedings.

The June 24, 1980 hearing consisted only of argument, as noted above. The court is reasonably sure that such transcript was *not* necessary to the appeal.

Therefore, the court overrules plaintiff's objections as to the amount taxed for the earlier transcript, i. e., $367.60. However, plaintiff's objections to the amount taxed for the later transcript, i. e., $76.50, is sustained.

Accordingly, the federal defendants are adjudged entitled to $367.50 in costs on appeal.